**KINCAID, n.k.a. Thomas, Appellee,**

**v.**

**KINCAID, Appellant.**

[Cite as *Kincaid v. Kincaid* (1997), 117 Ohio App.3d 148.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 96-A-0021.

Decided Jan. 2, 1997.

*Gary L. Coxon,* for appellee.

*Kyle B. Smith,* for appellant.

JOSEPH E. MAHONEY, Judge.

This is an accelerated calendar case submitted to this court on the briefs of the parties.

Appellant, Ronald N. Kincaid, and appellee, Darlene A. (Kincaid) Thomas, were granted a dissolution of their twenty-four-year marriage in December 1989. The separation agreement provided for the filing of a qualified domestic relations order ("QDRO") relative to appellant's pension with the Cleveland Electric Illuminating Company. No QDRO was ever filed. In Article III(E) of the parties' separation agreement, appellee was to receive twenty-five percent of the "ultimate value" of appellant's retirement fund. This provision of the separation agreement provided, in its entirety:

"Husband is vested in the Centerior–Cleveland Electric Illuminating Company Amended and Restated Pension Plan. The parties agree that said retirement fund is to be divided between them, with 75% of the ultimate value thereof to remain the separate property of Husband and 25% of the ultimate value thereof with vested rights of survivorship to be the separate property of Wife. A Qualified Domestic Relations Order will be attached to and incorporated in the final judgment of divorce or dissolution of marriage between the parties effectuating the terms of this agreement. Each party agrees to sign any documents necessary or required by said pension fund to effectuate the terms of this agreement."

Appellant decided to take advantage of an offer of early retirement in August 1993. Appellant was offered an additional sum of money totaling $180,000 to $190,000, including a Social Security supplement and a service benefit, as an incentive to retire early. The Social Security supplement was normally available to everyone, but with very stringent eligibility requirements. The service benefit gave appellant five extra years of service credit in addition to an additional lump sum based on the number of years of actual service years. The total retirement fund received by appellant at that time was $284,213.16.

Appellee attempted to recover twenty-five percent of appellant's retirement benefit but was unsuccessful. Accordingly, on March 31, 1995, appellee filed a motion in the trial court seeking an order in the form of a QDRO granting her one quarter of appellant's pension money, or $71,053.29, plus any growth accrued on that amount from August 1, 1993. The matter came on for hearing on November 3, 1995. On February 29, 1996, the trial court granted judgment in favor of appellee in the amount of $71,053.29 plus twenty-five percent of any actual growth that accrued on that amount since August 1, 1993.

Appellant timely filed a notice of appeal with a single assignment of error. Appellant contends that the trial court erred in awarding appellee twenty-five percent of his lump sum early retirement benefits.

The determinative issue in this case is the meaning of the term "ultimate value" as used in the parties' separation agreement. Appellee asserts that she was entitled to twenty-five percent of whatever appellant received in retirement benefits whenever he retired. Appellant argues that his ex-wife should only receive twenty-five percent of the pension that he would have received had he not retired until the age of sixty-five.

The trial court ruled in appellee's favor, finding the term "ultimate value" in the parties' separation agreement is not vague but, instead, that its "meaning and implications are fairly obvious." The court stated that, although it may not be a commonly used term of legal art, it is defined in Webster's Third New International Dictionary as meaning "completed," "the final," or "the last."

The first issue raised by appellant is whether or not the trial court erred in relying on the decision of the Supreme Court of Ohio in *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 559 N.E.2d 1292. It is appellant's contention that since *Hoyt* was not decided until after the parties filed for divorce, it should not be applied to this case. Appellant also argued that *Hoyt* is distinguishable because it involved a contested divorce action rather than the mere interpretation of a separation agreement.

In *Hoyt*, the court held, in the syllabus:

"1. When considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result.

"2. The trial court should attempt to preserve the pension or retirement asset in order that each party can procure the most benefit, and should attempt to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage."

Appellant's argument is not well taken. To begin with, a review of the trial court's judgment entry reveals that the court did not rely on *Hoyt*, as alleged by appellant. Instead, the court based its judgment on its interpretation of the term "ultimate value" as used in the parties' separation agreement. The court looked to *Hoyt* only as being illustrative of the policy considerations a trial court should follow in dealing with pensions. The court specifically noted that *Hoyt* was distinguishable on its facts because it involved a contested divorce action.

Additionally, while it is true *Hoyt* was decided after the parties in the present case filed for divorce, it was decided well before appellant decided to accept early

retirement, and five and one-half years before the trial court entered judgment. Thus, it was clearly the law at all relevant times.

Appellant next argues that the trial court erred in determining that the term "ultimate value" was not ambiguous but, rather, had only one meaning. The court found that, in the context of the parties' separation agreement, and based upon the equities of the situation and the definition of "ultimate" as found in the dictionary, the meaning of the term "ultimate value" was not vague. We agree, finding that most readers of that phrase would find it to be inclusive and not exclusive. This interpretation was a proper exercise of discretion by the trial court.

The last argument raised by appellant is that the trial court erred in failing to resolve the ambiguities in the term "ultimate value" in his favor. First, appellant claims that ambiguities should be resolved against the drafter of the document. While this is a correct statement of the law, it does not apply to this case as there was no ambiguity.

Appellant also argues that the totality of the circumstances and equitable considerations weigh in favor of his position in this matter. It is clear that the trial court considered the totality of the circumstances and weighed the equities in reaching its decision. The court considered the fact that it was dealing with a twenty-four-year marriage, that the "golden parachute" received by the husband was inextricably linked to his reduced retirement benefit, and that the court had a duty to attempt to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage.

Under these circumstances, the trial court found it to be equitable to award appellee twenty-five percent of appellant's retirement fund as earlier agreed upon by the parties rather than approximately $10,000, or 3.5 percent of the retirement fund, as argued by appellant. We agree. Appellant's decision to take early retirement clearly benefited appellant as evidenced by the various incentives offered to him to do so. There is no reason why appellee, who spent twenty-four years with appellant, should be penalized when appellant is rewarded for his early retirement.

Based upon the foregoing analysis, appellant's sole assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and NADER, J., concur.